UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE COTTON, 04-B-0772,

        Petitioner,

        -v-

JOHN W. BURGE,[1]

        Respondent.

**DECISION and ORDER**
08-CV-453S

---

## **INTRODUCTION**

On June 18, 2008, petitioner fled a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[2] (Docket No. 1). Respondent filed an answer to the petition and a memorandum of law on September 11, 2008. (Docket Nos. 10 and 11). Petitioner thereafter filed, on September 23, 2008,[3] letters which the Court has construed as motions requesting an extension of time to "properly prepare" or to "renew" his petition (Docket No. 14) and to stay the petition pending the filing of an application for a writ of error coram

---

[1] John Burge, the named respondent in this action, was the superintendent of the facility where petitioner was incarcerated when he filed this action. However, given that petitioner is now incarcerated in the Wende Correctional Facility, the correct respondent is the Superintendent of the Wende Correctional Facility. 28 U.S.C. § 2243. In light of petitioner's pro se status, the fact that this will not prejudice respondent, and in the interest of court efficiency, the Court will deem the petition amended to change the name of the respondent accordingly.

[2] By operation of the "prison mailbox rule," Cotton's petition is deemed to have been filed on the date that he signed it–June 18, 2008. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (explaining that the "prison mailbox rule" applies to pro se incarcerated petitioners and provides that a pleading is deemed filed on the day the petitioner hands it over to prison officials for mailing).

[3] The letters which the Court is construing collectively as a motion to stay and to amend the petition were received by the Court on September 25, 2008 (Docket No. 13) and September 26, 2008 (Docket No. 14). Both letters are deemed to have been filed on September 23, 2008, the date on which one of the letters was signed.

nobis in state court. (Docket No. 13). By Text Order entered March 27, 2009, the Court denied petitioner's motion for an extension of time to prepare or renew his petition, but construed it as a supplement to petitioner's request to stay. (Docket No. 15).[4] As explained below, the letters can also be construed, in the alternative or in addition to a request for a stay, as a request for leave to amend the petition to assert a new claim. For the reasons set forth herein, petitioner's motion to stay and/or amend the petition is denied.

## BACKGROUND

On March 11, 2004, a judgment of conviction was entered against petitioner in Monroe County Supreme Court on several counts, including criminal possession of a weapon in the second and third degrees, and he was sentenced to 20 years imprisonment. Petitioner appealed the judgment of conviction to the New York Supreme Court, Appellate Division, Fourth Department, which affirmed his conviction on March 16, 2007. *People v. Cotton*, 38 A.D.3d 1189 (4th Dept. 2007). The New York Court of Appeals denied petitioner's application for leave to appeal on May 4, 2007. *People v. Cotton*, 8 N.Y. 2d 983 (2007). Petitioner did not petition the United States Supreme Court for a writ of certiorari, and his judgment of conviction thus became final 90 days later, on August 2, 2007, the date on which his time for submitting a petition for certiorari expired. *McKinney v. Artuz*, 326 F.3d 87, 2003; *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).[5] Subject to certain exceptions not applicable here, a petitioner has one year from the date

---

[4] This Order will consider petitioner's motion for a stay as consisting of both letters (Docket Nos. 13 and 14). The letters will be referred to separately when appropriate.

[5] In addition to his direct appeal, petitioner filed a motion to set aside his conviction pursuant to N.Y. Crim. Proc. L. § 440.10, which was denied on July 29, 2004. State Court Records, Appendix L. Petitioner did not seek permission to appeal the denial of the motion.

2

his conviction becomes final to file a habeas corpus petition. 28 U.S.C. § 2244(d). Thus, any claim asserted by petitioner after August 2, 2008, would be time-barred.[6]

As noted, petitioner's petition for habeas corpus was filed on June 18, 2008. The petition asserted the following grounds in the petition: (1) the jury pool violated the "fair cross-section" of the community requirement of the Sixth Amendment; (2) the trial court erred in applying a state statutory presumption concerning intent to use a weapon unlawfully applied against him; (3) the evidence was legally insufficient to establish guilt; (4) failure to supress the handgun discovered during an inventory search; (5) the trial court erred in imposing consecutive sentences for weapons convictions that occurred on different dates; (6) the sentence petitioner received was harsh and excessive. Petition at ¶ 22.

In response to item 24 on the form habeas petition, directing petitioner to indicate any collateral proceedings with respect to the judgment of conviction in state court, he stated that he had filed a petition for a writ of error coram nobis in the Appellate Division, Fourth Department on June 18, 2008, asserting denial of his right to the effective assistance of counsel on appeal. Petition at ¶ 24. Petitioner did not, however, include an ineffective assistance of appellate counsel claim among the grounds asserted in the petition, as enumerated above.

---

[6] If petitioner had filed a state collateral attack prior to August 2, 2008, *e.g.*, a motion pursuant to N.Y. Crim. Proc. L. § 440.10, such motion would have served to toll the one-year limitations period during its pendency. 28 U.S.C. § 2244(d)(2). Petitioner did not, however, file any such motion before August 2, 2008 which was pending on that date. The filing of his federal habeas corpus petition on June 18, 2008 did *not*, of course, operate to toll the one-year limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

In the answer to the petition, the respondent denied that petitioner had a pending coram nobis application pending in state court. Answer at ¶ 14 ("Neither the Monroe County District Attorney's Office nor the Fourth Department have a record of any such application.").

In the instant motion, petitioner admits that the coram nobis application described in the petition was not in fact filed, apparently due to problems petitioner experienced obtaining paralegal-type assistance in prison. (Docket No. 13). Attached to petitioner's letter motion is a letter dated April 5, 2007, from his appellate counsel advising petitioner that if he believed counsel had been ineffective in representing him on appeal, he could bring a motion for a writ of error coram nobis with the Appellate Division, Fourth Department. Counsel's letter, written before the Court of Appeals' denial of petitioner's application for leave to appeal, further advised him that if leave to appeal were denied, petitioner should consider filing a federal petition for a writ of habeas corpus, in which he could allege, *inter alia*, that his trial attorney and appellate attorney were ineffective. (Docket No. 14 at 2).

## DISCUSSION

### A. Leave to Amend

The claim on which petitioner seeks to base his application for a stay was not among the six claims raised in his original petition. Therefore, to determine whether petitioner may seek to obtain a stay to exhaust a claim not raised in his original petition, the Court must first determine whether he may amend the petition to include an ineffective assistance of appellate counsel claim.

4

The standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits is governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *see also* 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended * * * as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts (Habeas Corpus Rules), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules). Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; * * *. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," *Littlejohn* v. *Artuz*, 271 F.3d, 360, 363 or where the proposed amendment would be futile. *See Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Since respondent has filed his answer to the petition, and has not filed written consent to amend, the Court has construed petitioner's application for a stay as also seeking leave to amend the petition to assert an ineffective assistance of appellate counsel claim.

As previously noted, petitioner's one-year period to file his habeas corpus petition expired on August 2, 2008, and any claim asserted by petitioner after that date would be

time-barred.  Therefore, to the extent that petitioner is attempting to amend his petition to add a new claim, specifically, ineffective assistance of appellate counsel, such claim is time-barred unless it "relates back" to the original petition.  An amendment made after the statute of limitations has run relates back to the date of the original pleading if, *inter alia*, the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-- or attempted to be set out-- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  In federal habeas proceedings, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims," *Mayle v. Felix*, 545 U.S. 644, 659, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (quotations omitted), and is unavailable merely because the proposed claims relate to the same trial, conviction, or sentence as the original petition. *See id*. at 662-664.

The "relation back" requirement has been narrowly construed.  *See, e.g.*, *Perez v. United States*, CV-00-3435 (DGT), 2009 U.S. Dist. LEXIS 47622, at *12-14 (E.D.N.Y. June 8, 2009) (claim of ineffective assistance of trial counsel based on conduct prior to conviction did not relate back to claim that trial counsel was ineffective at sentencing); *Jenkins v. Graham*, 06 Civ. 10200 (CM) (JCF), 2009 U.S. Dist. LEXIS 39622, at *8  (S.D.N.Y. Apr. 23, 2009) (claim of ineffective assistance of appellate counsel based on failure to assert that trial counsel was ineffective for failing to argue that indictment was facially-deficient did not relate back to claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to preserve claim of retaliatory sentencing).

The ineffective assistance of appellate counsel claim that petitioner herein wishes to add to his petition is not tied to a "common core of operative facts," but rather is a

6

discrete claim based upon discrete facts, *i.e.*, the contents of the appellate brief filed by appellate counsel and the arguments that counsel raised or allegedly failed to raise on appeal. That claim is very different from the grounds asserted in the original petition, which, as enumerated above, did not raise any claim of ineffective assistance of appellate counsel. The ineffective assistance of appellate counsel claim that petitioner seeks to now interpose thus does not relate back to the original petition. Accordingly, petitioner's ineffective assistance of appellate counsel claim is time-barred and, thus, any amendment of the petition to assert such a claim would be futile. *See, e.g., Williams v. Ercole*, CV-09-0363 (SJF), 2009 U.S. Dist. LEXIS 58495, at *10-11 (E.D.N.Y., July 7, 2009) (where ineffective assistance of counsel claim which petitioner sought to assert in an amendment to his habeas petition after expiration of the one-year limitations period was not tied to a "common core of operative facts," it did not relate back to the original petition and accordingly was time-barred); *Wager v. Ercole*, 06 Civ. 814 (GBD)(HBP), 2009 U.S. Dist. LEXIS 50060, at *6-7 (S.D.N.Y., June 12, 2009) (where original petition did not raise any claim of ineffective assistance of appellate counsel nor "raise any claim concerning the facts underlying the new claim of ineffective assistance of appellate counsel," an attempt to raise such a claim following the expiration of the one-year limitations period of 28 U.S.C. § 2244(d) was time-barred).

    Petitioner appears to acknowledge that his proposed ineffective assistance of counsel amendment to his petition is time-barred for his letter motion states that he "understand(s) that my one year and 90 day time limit has expired" (Docket No. 13) and is requesting that the Court "grant me an extension to properly prepare my petition."

However, inasmuch as the one-year period of limitation is set by statute at 28 U.S.C. § 2244(d)(1), the court does not have the authority to extend the time period for filing an application for a writ of habeas corpus, or to extend the period during which a petitioner may amend a petition already filed to assert claims that do not "relate back" to the claims asserted in the petition.

Accordingly, petitioner's proposed amendment to his petition is futile and must be denied. *See Jones,* 166 F.3d at 50 (2d Cir. 1999) (a district court may deny leave to amend pursuant to Fed. R. Civ. P. 15(a) where amendment would be futile).

**B.    Stay and Abeyance**

Where a habeas petitioner has filed a "mixed petition," that is a petition containing both exhausted and unexhausted claims, the United States Supreme Court has held that a district court has the discretion to stay consideration of the exhausted claims while the petitioner exhausts his remedies with respect to the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Under *Rhines*, such a stay is appropriate if (1) the unexhausted claims are not meritless, (2) the petitioner has good cause for failing to exhaust his claims in state court and (3) the petitioner has not engaged in intentional delay or abusive litigation tactics. "Whether such a stay is appropriate when a petition contains only exhausted claims and the stay is sought to permit exhaustion of new claims is an open question in this Circuit." *Wager,* 2009 U.S. Dist. LEXIS 50060, at *4 (citing *Townes v. Lacy*, 68 F. App'x 217, 218 (2d Cir. 2003) (summary order); *Piper v. Smith*, 07 Civ. 9866 (DLC)(RLE), 2009 U.S. Dist. LEXIS 26512 (S.D.N.Y. Mar. 30, 2009).

Even assuming that a habeas petition containing only exhausted claims can be stayed to permit a petitioner to exhaust a new claim which will be added to the petition, such a stay would be inappropriate here because, as explained above, the new claim (ineffective assistance of appellate counsel) is time barred and plainly meritless, and thus not an appropriate occasion for a stay under *Rhines*. *Wager*, 2009 U.S. Dist. LEXIS 50060, at *5.

## **CONCLUSION**

For the reasons discussed above, petitioner's motion to amend and/or stay his habeas petition (Docket No. 13) is DENIED in all respects.

The Clerk of the Court is directed to terminate John W. Burge as respondent, add Superintendent of the Wende Correctional Facility as the new respondent, and revise the caption of this action accordingly.

SO ORDERED.

Dated: September 23, 2009
         Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge